RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 9/11/06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KYIDE TOLBERT | DOCKET NO. 06-CV-0362, SEC. P |
| VERSUS | JUDGE DRELL |
| TONIA RACHAL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is Kyide Tolbert's pro se civil rights complaint (42 U.S.C. § 1983), originally filed on February 21, 2006 in the Middle District of Louisiana. The case was transferred to the Western District of Louisiana on February 27, 2006. Tolbert is incarcerated at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner filed suit regarding the nature (concurrent or consecutive) and computation of his sentence. He names as Defendant Tonia Rachal, a "records analyst" at ACC, and claims that she improperly extended his sentence by two years. Petitioner is not seeking damages; rather, he seeks to have his sentence "corrected" and to be released from custody.

## LAW AND ANALYSIS

Petitioner brought this civil rights complaint alleging that his sentence was improperly calculated. "A § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499. See Jones v. Dretke, 2004 U.S. Dist. LEXIS 7052, 3-4 (D. Tex. 2004), *citing* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Accordingly, challenges to the fact or duration of confinement are to be brought by a petition for a writ of habeas corpus, and challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Petitioner's complaint does not challenge the conditions of his confinement and fails to state a § 1983 cause of action. See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

A writ of habeas corpus is the sole federal remedy for a state prisoner challenging the very fact or duration of his physical imprisonment, whereby he seeks a determination that he is entitled to an immediate or speedier release from that imprisonment. See Jones v. Dretke, 2004 U.S. Dist. LEXIS 7052, 3-4 (D. Tex. 2004), *citing* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A state prisoner <u>must</u> exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus*

relief.[1] Generally, this exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988).

Since the petitioner in this case seeks release from custody, and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion. Petitioner's pleading suggests that he did not fully exhaust his state court remedies prior to filing suit. Further, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving the petitioner.

Federal courts can, *sua sponte*, dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See Shute v. State, 117 F.3d 233, 237 (5th Cir.1997). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971).

Thus, even after liberally construing Petitioner's civil

---

[1]The exhaustion requirement is the same whether suit is filed pursuant to 28 U.S.C. § 2241 or § 2254(b). Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Also see Serio v. Members of Louisiana Board of Pardons, 821 F.2d 1112, 1117 (5th Cir.1989).

3

rights complaint as a petition for habeas corpus, it is evident that the claims have not been fully and fairly presented to the Louisiana courts, and the claims therefore remain unexhausted.

Accordingly, construing Plaintiff's complaint as an application for writ of habeas corpus, **IT IS RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. To the extent that Plaintiff seeks any relief under section 1983, those claims should be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United*

4

*Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 10th day of September, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE